# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

BARR-NUNN TRANSPORTATION, INC.,   )
                            )

    Plaintiff,                  )
                            )

    vs.                      )   CAUSE NO.  1:06-cv-398-WTL-JDT
                            )

MATT A. VERMILLION, et al.,      )
                            )

    Defendants.            )
_____ )

SCHNEIDER NATIONAL CARRIERS, INC.,  )
                            )

    Counter-Plaintiff,      )
                            )

    vs.                      )
                            )

BARR-NUNN TRANSPORTATION, INC.,   )
et al.,                             )

    Counter-Defendants.    )
_____ )

MICHAEL L. WILLIAMS,          )
                            )

    Counter-Plaintiff,      )
                            )

    vs.                      )
                            )

BARR-NUNN TRANSPORTATION, INC.,   )
et al.,                             )

    Counter-Defendants.    )
_____ )

DONALD HADDIX, et al.,         )
                            )

    Plaintiffs,            )
                            )

    vs.                      )
                            )

MATT VERMILLION, et al.,       )
                            )

    Defendants.           )

## ENTRY ON MOTION FOR PROTECTIVE ORDER

This cause is before the Court on a Motion for Protective Order filed by Defendants Schneider National Carriers, Inc. and Matt Vermillion (collectively "Defendants").  The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

This case arises out of an automobile accident that occurred when Plaintiff Donald Haddix collided with a tractor trailer that had been parked along the side of an interstate highway by Defendant Vermillion, who was an employee of Defendant Schneider.  Schneider admits that Vermillion was acting within the course and scope of his employment at the time the accident occurred.   The Plaintiffs allege that Vermillion was negligent in that he failed to use the required warning devices when he parked his vehicle; the Plaintiffs further allege that Schneider was negligent in the hiring and training of Vermillion.  At issue in the instant motion are two topics contained in the Plaintiffs' Rule 30(b)(6) deposition notice served on the Defendants:  (1) "the education and training of Matt Vermillion when he started employment in January, 2005"; and (2) "the re-training of Matt Vermillion following the collision of July 21, 2005."

The Defendants object to the first topic on two grounds.  First, they argue that because Vermillion already has testified "regarding his actions at the time of the accident . . . any additional discovery concerning Vermillion's 'education and training' when he was hired is duplicative.'"  However, the Plaintiffs are entitled to obtain Schneider's testimony on the issue, which may or may not be consistent with Vermillion's.  For example, Vermillion's recollection of the training he received might differ from Schneider's records of that training.

Next, the Defendants argue that the information sought is irrelevant because they concede that Vermillion was acting within the course and scope of his employment and "there is

no separate cause of action for negligent hiring when an employer admits an employee was acting within the scope of employment." Assuming that is true, evidence regarding how Vermillion was trained–depending on what that evidence turns out to be–nonetheless is reasonably likely to lead to admissible evidence for other purposes. "'[A] party's own rules of conduct are relevant and can be received into evidence with an express caution that they are merely evidentiary and not to serve as a legal standard.'" *Wal-Mart Stores, Inc. v. Wright*, 774 N.E.2d 891, 895 (Ind. 2002) (quoting *Mayo v. Publix Super Mkts., Inc.*, 686 So.2d 801, 802 (Fla. Dist. Ct. App. 1997)). Thus, the Plaintiffs are entitled to discovery regarding the policies, rules and procedures that Schneider conveys to its employees in their training, and the training actually received by Vermillion clearly is relevant to that issue.

With regard to the second topic, the Defendants argues that any post-accident training received by Vermillion is an inadmissable subsequent remedial measure pursuant to Federal Rule of Evidence 407 and therefore any discovery on that topic is inappropriate. The Magistrate Judge agrees with the Plaintiffs that this argument conflates admissibility with discovery. Rule 407 provides that evidence of subsequent remedial measures "is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or need for a warning or instruction." However, the rule continues: "This rule does not require the exclusion of evidence of subsequent measures offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment." Clearly, then, the rule does not prohibit discovery regarding subsequent remedial measures, inasmuch as it is impossible to know during the discovery stage whether the evidence might be admissible for some permissible purpose.

For the reasons set forth below, the Defendants' motion for protective order is **DENIED**.

3

SO ORDERED:  06/08/2007

Copies to:

Gilbert Irwin Berry III
BUCK BERRY LANDAU & BREUNIG
berry@gberrylaw.com

Jeannine S. Gilleran-Lunt
DOWD & DOWD LTD.
jlunt@dowdanddowd.com

Robert J. Golden
DOWD & DOWD LTD
rgolden@dowdanddowd.com

Steven D. Groth
BOSE MCKINNEY & EVANS
sgroth@boselaw.com

Veronica A. Masaitis
DOWD & DOWD LTD
vmasaitis@dowdanddowd.com

Nicholas Calvin Deets
HOVDE LAW FIRM
ndeets@hovdelaw.com

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

4