**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **BARR-NUNN TRANSPORTATION, INC.,** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
|       **vs.** ) | **CAUSE NO.  1:06-cv-398-WTL-JDT** |
| ) | |
| **MATT A. VERMILLION, et al.,** ) | |
| ) | |
|    **Defendants.** ) | |
| _____ ) | |
| **SCHNEIDER NATIONAL CARRIERS, INC.,** ) | |
| ) | |
|    **Counter-Plaintiff,** ) | |
| ) | |
|       **vs.** ) | |
| ) | |
| **BARR-NUNN TRANSPORTATION, INC.,** ) | |
| **et al.,** ) | |
| ) | |
|    **Counter-Defendants.** ) | |
| _____ ) | |
| **MICHAEL L. WILLIAMS,** ) | |
| ) | |
|    **Counter-Plaintiff,** ) | |
| ) | |
|       **vs.** ) | |
| ) | |
| **BARR-NUNN TRANSPORTATION, INC.,** ) | |
| **et al.,** ) | |
| ) | |
|    **Counter-Defendants.** ) | |
| _____ ) | |
| **DONALD HADDIX, et al.,** ) | |
| ) | |
|    **Plaintiffs,** ) | |
| ) | |
|       **vs.** ) | |
| ) | |
| **MATT VERMILLION, et al.,** ) | |
| ) | |
|    **Defendants.** ) | |

## ENTRY ON PENDING MOTIONS

This cause is before the Court on several discovery motions filed by Defendants Schneider National Carriers, Inc. and Matt Vermillion (collectively "Defendants"). The Court, being duly advised, resolves the motions as set forth below.

Rules to Show Cause

On June 1, 2007, the Defendants filed a motion entitled Rule to Show Cause Versus Certain Providers Including Rehabilitation, Genex, and Great Western Casualty (docket #73). This motion has since been withdrawn as it relates to Great Western Casualty. As for the remaining subjects of the motion–Aylir Rehabilitation, Genex Services, Inc., and Dr. Robert Heilbronner–each is a non-party health care provider or vocational rehabilitation facility that apparently has records relating to the treatment or evaluation of Plaintiff Donald Haddix. The Defendants have served each of the non-parties (except, as noted below, Dr. Heilbronner) with a subpoena duces tecum directing them to produce all of the records they have relating to Mr. Haddix; the non-parties have not yet produced the records.

The Defendants' motion is problematic on so many levels that it is difficult to know where to begin. First, the motion was filed prematurely as to two of the non-parties; the subpoenas asked for the documents to be produced in Chicago on June 1, 2007, and the motion was filed on June 1, 2007, at 2:49 p.m. Chicago time. Further, the Defendants have not complied with Local Rule 37.1, which required them to file "a separate statement showing that the attorney making the motion has made a reasonable effort to reach agreement with opposing attorney(s) on the matter(s) set forth in the motion." It is unclear whether they have had any contact at all with Aylir Rehabilitation or Genex Services; perhaps a simple phone call would have revealed that they are diligently working to compile and produce the documents and no motion was necessary at all. As

2

for Dr. Heilbronner, while the Defendants' motion speaks of a subpoena issued to him, the

subpoena attached to the motion actually was issued to The Ohio State University Department of

Psychiatry.  Presumably, that is Dr. Heilbronner's employer, although the Defendants do not so

state in their motion.  Regardless, the Defendants state that they have attempted to communicate

by telephone and by letter with Dr. Heilbronner's assistant; however, the letter they sent to The

Ohio State University Department of Psychiatry references the records of a Dr. Bornstein, not Dr.

Heilbronner.

Next, the relief sought in the motion with regard to Aylir Rehabilitation and Genex

Services is described twice in the motion.  First, the Defendants ask the Court to "set a hearing as

to why [they] have not responded to Rule 45 subpoenas should be held in civil contempt"; later,

they "respectfully request that this court set a hearing on why these on a rule to show cause and for

all other just and proper relief in the premises."  Obviously, both of these requests are nonsensical.

The relief requested regarding Dr. Heilbronner also is curious; it requests that he be ordered to

produce his records "under seal to this court for an in-camera inspection and release due to

possibly protected mental health information contained therein."  However, there is no indication

in the motion that Mr. Haddix objects to the release of the "possibly protected mental health

information" to the Defendants; if there is no such objection, then there is no apparent need for the

Court to become involved in the discovery process, and if there is an objection, than the

appropriate means of resolving it would be for the Defendants to file a motion to compel Mr.

Haddix to authorize the release of the records, which would then allow the interested parties to

brief (and the Court to decide) the issue of the relevance and discoverability of the records.

Further, in light of the fact that no subpoena was issued to Dr. Heilbronner, any order enforcing it

would be directed to The Ohio State University, not the doctor himself, although, curiously, the

3

motion does not mention Ohio State at all.

The final, and most fundamental, problem is that the subpoenas themselves are not enforceable, inasmuch as they fail to comply with the requirements of Federal Rule of Civil Procedure 45.  First, it appears that the Defendants issued a subpoena to "Janex Services, Inc." in Cross Lanes, West Virginia, rather than "Genex Services, Inc."[1]  Second, Rule 45(a)(2)(C) requires that a subpoena seeking the production or inspection of documents be issued from "the court for the district where the production or inspection is to be made."  In this case, each subpoena was issued out of this court, while the providers were commanded to produce the documents at defense counsel's office in Chicago, which is in the Northern District of Illinois.  Further, Rule 45(b)(2) provides that "a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the . . . production . . . ."  Aylir[2] Rehabilitation is located in Pinch, West Virginia, and The Ohio State University is located in Columbus, Ohio, both of which are located far more than 100 miles from Chicago.  Thus, this court cannot enforce the subpoenas, and it does not appear that any court could order the non-parties in question to produce documents in Chicago.[3]

For all of these reasons, the Defendants' motion is **DENIED**.

On June 5, 2007, the Defendants filed a similar motion regarding subpoenas they issued to

---

[1]The Defendants reference "Genex Services, Inc." twice in their motion and once in their distribution list, but the subpoena was issued to (and was served upon) "Janex Services, Inc." at the same address.  An internet search reveals that the address in question belongs to Genex Services, Inc.; therefore, it appears that the subpoena was served upon the wrong entity.

[2]The Court notes that this subpoena, too, contains a typographical error, referring to Aylir as "Alliar" in the Proof of Service section.

[3]In addition, the subpoenas (or at least the copies submitted to the court in conjunction with the Defendants' motion) did not include the text of Rule 45(c) and (d) as required by Rule 45(a)(1)(D), even though that text is included on the court's standard subpoena form.

non-party Clarian Health Partners (docket no. 75).  Those subpoenas suffer from many of the same

fatal flaws as the others, and therefore that motion also is **DENIED**.

Motion to Compel

On June 7, 2007, the Defendants filed a motion to compel (docket no. 77) in which they

reported that Plaintiffs Donald Haddix, Zachary Haddix and Deanna Haddix had not yet responded

to written discovery requests that were served on April 18, 2007.  Perhaps they have now done so,

because the Defendants did not mention those requests among the list of outstanding  discovery in

their recent motion to continue a settlement conference that was scheduled for later this month.

However, the Plaintiffs did not file a response to the motion to compel, and the Defendants have

not moved to withdraw it, so the Court must assume that it is still viable.  Accordingly, the motion

is **GRANTED**, and to the extent that the Haddixes have not responded to the discovery requests in

question, they shall do so **within 15 days of the date of this Entry**.

Motion for IME

Finally, on June 22, 2007, the Defendants filed a motion entitled Motion for IME (docket

no. 84) in which they ask the Court to order Plaintiff Donald Haddix to submit to an independent

medical examination ("IME") in Chicago, Illinois.  Mr. Haddix objects to traveling to Chicago for

the exam, arguing that it should be held in Indianapolis.  Mr. Haddix resides in Mineral Falls, West

Virginia; this case is pending in Indianapolis; and the accident out of which this case arose

occurred in the Indianapolis area.  In other words, this case has no relationship with Chicago other

than the fact that defense counsel's office is there.  The Court agrees with the Plaintiffs that it is

unreasonable under these circumstances to require Mr. Haddix to travel to Chicago for an IME.

The Defendants have not demonstrated that the type of specialist or testing that is required is

unavailable in the Indianapolis area; rather, they argue only that Mr. Haddix should be required to

5

travel to Chicago for the exam because they already have incurred the expense of having the

Chicago physician review Mr. Haddix's medical records.[4]  This is not a valid reason to conduct the

IME in Chicago.  Therefore, the Defendants' motion is **DENIED**.  If the  Defendants wish to have

an IME conducted, they shall arrange for it to take place either in the Indianapolis area or in some

other location that is agreeable to the Plaintiffs.[5]

    SO ORDERED:  07/17/2007

_William T. Lawrence_

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Gilbert Irwin Berry III
BUCK BERRY LANDAU & BREUNIG
berry@gberrylaw.com

Jeannine S. Gilleran-Lunt
DOWD & DOWD LTD.
jlunt@dowdanddowd.com

Robert J. Golden
DOWD & DOWD LTD
rgolden@dowdanddowd.com

Steven D. Groth
BOSE MCKINNEY & EVANS
sgroth@boselaw.com

Veronica A. Masaitis
DOWD & DOWD LTD
vmasaitis@dowdanddowd.com

Nicholas Calvin Deets
HOVDE LAW FIRM
ndeets@hovdelaw.com

---

    [4]The Defendants also point out that Mr. Haddix previously traveled more than 100 miles from his home for a medical exam relating to his worker's compensation claim.  The Court is baffled as to the relevance of this fact.  Mr. Haddix is not claiming that he is unable to travel; indeed, he agrees to travel to Indianapolis.  Rather, he argues that he should not be compelled to travel to Chicago for an IME regarding a case pending in Indianapolis.

    [5]The Plaintiffs' concern that a Chicago physician would not be subject to the subpoena power of this court is wholly unfounded; the Plaintiffs can rest assured that the Defendants will not be permitted to rely upon an expert witness who has not complied with the written discovery obligations of Federal Rule of Civil Procedure 26(b)(4) and submitted to a deposition.  If the Defendants should decide not to call the physician as an expert witness, the Plaintiffs would still be entitled to receive a detailed written report from him pursuant to Rule 35(b)(1), regardless of his location.