UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BARR-NUNN TRANSPORTATION, INC., | ) |
|    Plaintiff, | ) ) ) |
|     vs. | ) ) CAUSE NO. 1:06-cv-398-WTL-JDT |
| MATT A. VERMILLION, et al., | ) ) ) |
|    Defendants. | ) ) |
| SCHNEIDER NATIONAL CARRIERS, INC., | ) ) |
|    Counter-Plaintiff, | ) ) ) |
|     vs. | ) ) ) |
| BARR-NUNN TRANSPORTATION, INC., et al., | ) ) ) |
|    Counter-Defendants. | ) ) |
| MICHAEL L. WILLIAMS, | ) ) |
|    Counter-Plaintiff, | ) ) ) |
|     vs. | ) ) ) |
| BARR-NUNN TRANSPORTATION, INC., et al., | ) ) ) |
|    Counter-Defendants. | ) ) |
| DONALD HADDIX, et al., | ) ) |
|    Plaintiffs, | ) ) ) |
|     vs. | ) ) ) |
| MATT VERMILLION, et al., | ) ) |
|    Defendants. | ) |

**ENTRY ON MOTION TO COMPEL**

This cause is before the Court on the motion to compel filed by the Haddix Plaintiffs ("Plaintiffs") and the response thereto filed by Defendant Schneider National Carriers, Inc., and Matt Vermillion ("Defendants"). The Court, having considered the parties' briefs and the argument of counsel during a telephonic status conference this date, **GRANTS** the Plaintiffs' motion to the extent set forth below.

During his deposition, Mr. Vermillion testified that he had "a little bit of some retraining" a few days after the accident out of which this case arises, but that he could not remember the name of the "trainer." In the discovery requests at issue in the instant motion, the Plaintiffs asked Schneider for information regarding this "retraining"; specifically, they ask for the name, address and title of the person who conducted the retraining and any documents that relate to it. Schneider agrees that a meeting between Mr. Vermillion and his team leader to discuss the accident occurred, but disagree with the characterization of the meeting as "retraining." Therefore, Schneider's response to the discovery requests state only that no retraining of Mr. Vermillion occurred.

The Plaintiffs believe that Schneider should have provided the information that they requested regardless of whether they agree with the use of the term "retraining" because that is the term that was used by Mr. Vermillion in his deposition. The Court agrees. While Schneider was free to state its position that no retraining occurred, it is clear that the Plaintiffs' discovery requests were referring to the event that Mr. Vermillion referred to as "retraining" in his deposition, and the Plaintiffs are entitled to the information that they seek regarding that event, however Schneider believes it should be characterized. Further, the Plaintiffs are entitled to the information in the form of a formal discovery response, rather than counsel's representation or an affidavit. Accordingly, the motion to compel is **GRANTED**. **Within five days of the date of this Entry**,

Schneider shall supplement its discovery responses to provide the name, address and title of the person with whom Mr. Vermillion met during what he characterized during his deposition as "retraining." Schneider is free to state again in its supplemental response that it disagrees with that characterization. Schneider also shall include in its supplemental response an unequivocal statement that it has no documents that relate to the meeting in question.

    SO ORDERED:   08/10/2007

*William T Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Gilbert Irwin Berry III
BUCK BERRY LANDAU & BREUNIG
berry@gberrylaw.com

Jeannine S. Gilleran-Lunt
DOWD & DOWD LTD.
jlunt@dowdanddowd.com

Robert J. Golden
DOWD & DOWD LTD
rgolden@dowdanddowd.com

Steven D. Groth
BOSE MCKINNEY & EVANS
sgroth@boselaw.com

Veronica A. Masaitis
DOWD & DOWD LTD
vmasaitis@dowdanddowd.com

Nicholas Calvin Deets
HOVDE LAW FIRM
ndeets@hovdelaw.com